Filed 6/1/26  P. v. Mendoza CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUDY JESUS JES MENDOZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B348731<br>(Super. Ct. No. 2025010017)<br>(Ventura County) |

Rudy Jesus Jes Mendoza was charged with one count of making criminal threats (Pen. Code,[1] § 422, subd. (a), count 1), with special allegations that appellant was convicted of a serious felony (§ 667, subd. (a)(1)), that he suffered two prior serious or violent felony convictions (§§ 667, subds. (c)(2), (e)(2), 1170.12, subds. (a)(2), (c)(2)), and an executed sentence for a felony must be served in state prison (§ 1170, subd. (h)(3)).

_____

[1] All further statutory designations are to the Penal Code unless otherwise indicated.

Appellant pleaded guilty to count 1 and admitted all priors and special allegations. The trial court struck one of appellant's strike priors and sentenced him to the midterm of two years, doubled for the remaining strike prior, plus five years for the prior serious felony conviction, for a total term of nine years in state prison.

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raises no arguable issues. Appellant filed a supplemental brief that also raises no arguable issues. We affirm.

Appellant and the victim, E.L., were in a dating relationship for two years but had broken up. They have no children together, but E.L. has a 19-year-old son. On the day of the incident, appellant had been texting E.L. all day. He made threats that he wanted to die and kill people. He showed up at E.L.'s workplace but eventually left. He began texting her that he wanted to " 'end it' " and how she forced him to do it.

E.L. contacted police who arrived at her workplace. She told police that appellant carried a knife and owned guns. While speaking to police, appellant called E.L. She put him on speaker phone, which allowed police to hear appellant's threats to E.L. and her son. Police believed E.L. was in danger and transported her to the police station for her safety. During that time, she received hundreds of text messages and approximately 50 missed phone calls from appellant.

Police located the vehicle appellant was driving and conducted a high-risk traffic stop. Appellant was directed out of his vehicle at gunpoint and handcuffed. He had a pocketknife clipped to the front pocket of his pants. Police searched appellant's vehicle pursuant to a search warrant and located his

cell phone and a black machete with a serrated edge, which matched a photo he sent to E.L.  Both items were confiscated and appellant was transported to jail.

In his supplemental letter brief, appellant claims counsel "committed ineffective assistance" because she "did not address the court or raise the issue" as to the trial court's discretion to "strike o[r] dismiss" his priors in the interest of justice.  (§1385.) Instead, the trial court "only used its discretion" to strike his prior strike conviction for burglary.  Appellant also claims counsel was "deficient in her duty" to "submit a motion to the court that mental health diversion would apply in this case."  (§ 1001.36.)

But appellant's ineffective assistance of counsel claims, are in substance, a challenge to the validity of his plea.  Thus, a certificate of probable cause was required for appeal.  (See § 1237.5; see also *People v. Braden* (2023) 14 Cal.5th 791, 819 ["request for diversion must be made before attachment of jeopardy at trial or the entry of a guilty plea or no contest plea"]; *People v. Robinson* (2024) 100 Cal.App.5th 133, 136 & fn. 2 [ineffective assistance of counsel claim asserting failure to request pretrial mental health diversion requires certificate of probable cause].)  We note that appellant attached a form "Request for Certificate of Probable Cause" to his supplemental brief and asks this court to grant the request.  We are not at liberty to do so.  (See § 1237.5, subds. (a) & (b) [setting forth requirements].)

Even if appellant's claims were properly before us, they would fail on the merits.  Ineffective assistance of counsel has occurred only where appellant can show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

3

proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 694.)

Here, appellant was facing a maximum possible sentence of 25 years to life in state prison. In sentencing appellant to a total term of nine years, the trial court explained that appellant was "getting the benefit of having his *Romero* motion granted." The trial court further stated that it had read the probation report and found that the sentence was "appropriate, given the nature and circumstances of the offense and [appellant's] criminal record."

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

4

Marine Dermadzhyan, Judge
Superior Court County of Ventura

_____


Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.